IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

ELECTRONICALLY FILED
01/07/2021
U.S. DISTRICT COURT
Northern District of WV

DAWN SATTERFIELD and
BRIAN SATTERFIELD,

    Plaintiffs,

v.

KENNETH CHARLES ROSBOROUGH,
and CARPET RIDE, LLC,

    Defendants.

Civil Action No. 5:21-CV-5

Judge Bailey

## COMPLAINT

NOW COME the Plaintiffs, Dawn Satterfield and Brian Satterfield, who for their Complaint against Defendants, Kenneth Charles Rosborough and Carpet Ride, LLC state as follows:

### PARTIES

1. The Plaintiffs, Dawn Satterfield and Brian Satterfield, are husband and wife, and have at all times material and relevant hereto, resided at 10 Hercules Court, Sewell, New Jersey 08080.

2. Upon information and belief, the Defendant, Kenneth Charles Rosborough (hereinafter "Defendant Rosborough"), at all times material and relevant hereto, was an adult individual who resided at 3904 7th 3 NE, Washington D.C., District of Columbia 20017.

3. Upon information and belief, Defendant, Carpet Ride, LLC (hereinafter "Defendant Carpet Ride"), at all times material and relevant hereto, was a Limited Liability Company

organized and existing under the laws of the State of Maryland, with a principal place of business located at 11720 Vernon Road, Waldorf, Maryland 20601.

4. Upon information and belief, James Coffey, the resident agent and sole owner and/or member of Defendant Carpet Ride, at all times material and relevant hereto was a resident of the State of Maryland.

5. Upon information and belief, Flagship Two, LLC, at all times material and relevant hereto, was a Limited Liability Company organized and existing under the laws of the State of Maryland, with a principal place of business located at 11720 Vernon Road, Waldorf, Maryland 20601.

6. Upon information and belief, Flagship Two, LLC is no longer in existence and is now known as Defendant Carpet Ride with its sole owner and/or member being James Coffey.

## JURISDICTION AND VENUE

7. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, in that there is complete diversity of citizenship amongst the parties, and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

8. Venue in this district and division is proper pursuant to 28 U.S.C. § 1391, in that the entirety of the events and omissions giving rise to this civil action occurred in Ohio County, West Virginia.

## FACTS

9. Plaintiffs reallege and incorporate by reference each of the foregoing paragraphs of their Complaint as if specifically set out herein.

10. On or about February 24, 2019, Defendant Rosborough, at all times material and relevant hereto, was the permissive operator and/or in lawful possession of a 2005 MCIN Bus

(VIN 1M8PDMPA65P056582) ("Carpet Ride Bus") that displayed Defendant Carpet Ride's business name/placard (or former name Flagship Two, LLC) and the company's federally issued USDOT Number (#2431898).

11. Defendant Carpet Ride, at all times material and relevant hereto, was an Interstate Motor Carrier as defined by the Federal Motor Carrier Safety Regulations (FMCSR), and was required to comply with all applicable provisions/regulations provided for by the Federal Motor Carrier Safety Administration (FMCSA) and the FMCSR.

12. Defendant Carpet Ride, at all times material and relevant hereto, utilized specific authority provided to it by the federal government to transport passengers for compensation in direct furtherance of its business operations by utilizing commercial motor vehicles.

13. Defendant Carpet Ride, at all times material and relevant hereto, was issued USDOT Number #2431898.

14. Defendant Carpet Ride, at all times material and relevant hereto, acted by and through its actual, apparent, entrusted, authorized and/or ostensible agents, employees, contractors and/or servants, including, but not limited to, Defendant Rosborough, and conducted business throughout the State of West Virginia, which included, but was not limited to, Ohio County.

15. Defendant Rosborough at all times material and relevant hereto, was an actual, apparent, entrusted, authorized and/or ostensible agent, employee, contractor, representative, permissive operator and/or servant of Defendant Carpet Ride, as described more fully throughout this Complaint.

16. Defendant Rosborough at all times material and relevant hereto, was operating the Carpet Ride Bus that was owned by, registered to, and acting under the direct control, direction and authority of Defendant Carpet Ride.

17. Defendant Rosborough, at all times material and relevant hereto, was operating the subject Carpet Ride Bus for his own interests and profitable benefit, and also for the interest and profitable benefits of Defendant Carpet Ride.

18. On or about February 24, 2019, Defendant Rosborough was operating the Carpet Ride Bus on Interstate 70 in Ohio County, West Virginia, when the Carpet Ride Bus was stopped in traffic due to an unrelated incident on the roadway.

19. Plaintiff Dawn Satterfield, at all times material and relevant hereto, was a passenger on the Carpet Ride Bus.

20. After the Carpet Ride Bus had been stopped in traffic for some time, Plaintiff Satterfield prudently, safely and lawfully attempted to walk to the back of the Carpet Ride Bus to utilize the Carpet Ride Bus's restroom.

21. As Plaintiff Satterfield approached the Carpet Ride Bus restroom, Defendant Rosborough negligently, carelessly and/or recklessly allowed and/or caused the Carpet Ride Bus to move backwards and/or reverse violently into the motor vehicle stationed behind the Carpet Ride Bus causing Plaintiff Satterfield to fall and sustain substantial injuries.

22. Defendant Rosborough, at all times material and relevant hereto, negligently, carelessly and/or recklessly operated the Carpet Ride Bus, which included, but was not limited to, failing to be cognizant of the vehicle stationed behind the Carpet Ride Bus, allowing the Carpet Ride Bus to move backwards and/or reverse when it was clearly unsafe to do so, operating the Carpet Ride Bus while distracted and directly and proximately causing the subject collision which caused Plaintiff Dawn Satterfield to fall and sustain substantial injuries.

23. Defendant Rosborough, at all times material and relevant hereto negligently, carelessly and recklessly failed to maintain the Carpet Ride Bus in a stopped and/or stationary

position on Interstate 70, which directly and proximately resulted in him causing a preventable collision and causing Plaintiff Dawn Satterfield to fall and sustain substantial injuries.

24. Defendant Rosborough, at all times material and relevant hereto, owed Plaintiff Dawn Satterfield a duty to exercise due and reasonable care to maintain control of the Carpet Ride Bus; to maintain the Carpet Ride Bus in a stopped and/or stationary position; to not let his foot off the brake and/or allow the Carpet Ride Bus to move backwards and/or reverse; to apply the Carpet Ride Bus brakes in a safe and timely manner as to not allow the Carpet Ride Bus to reverse into the vehicle stationed behind it; and to obey all applicable traffic regulations, statutes, rules and laws so as to not cause the subject collision.

25. Defendant Rosborough's negligent, careless and/or reckless driving actions and/or omissions were the direct and proximate cause of the subject collision referenced throughout this Complaint, and the severe, catastrophic and permanent injuries and damages caused to Plaintiff Dawn Satterfield.

26. The injuries and damages suffered by Plaintiff Dawn Satterfield, under the circumstances described throughout this Complaint, were also the direct and proximate result of the negligent, careless and reckless actions and/or omissions of Defendant Carpet Ride and its agents, servants and/or employees as described throughout this Complaint.

27. Defendant Rosborough and Defendant Carpet Ride breached their duty of care owed to Plaintiff Dawn Satterfield as described throughout this Complaint, and such breach of their duty of care directly and proximately resulted in the injuries sustained by Plaintiff Dawn Satterfield.

## COUNT I – NEGLIGENCE
## DAWN SATTERFIELD v. CARPET RIDE, LLC

28. Plaintiffs incorporate herein by reference all preceding Paragraphs of this Complaint, as if each and every one was individually set forth herein and at length.

29. Defendant Carpet Ride, at all times material and relevant hereto, owed a duty to take reasonable care to prevent the unsafe operation of its Carpet Ride Bus and/or to prevent operation by any individual/person who was likely to operate any vehicle under the company's federal issued USDOT Number (#2431898) in an unsafe and unreasonably dangerous manner.

30. Defendant Carpet Ride, at all times material and relevant hereto, owed a duty to those who might encounter and/or be injured by the subject Carpet Ride Bus being operated by Defendant Rosborough, including, but not limited to, Plaintiff Dawn Satterfield.

31. The injuries and damages suffered by Plaintiffs were also the direct and proximate result of Defendant Carpet Ride's own actions and/or omissions which were negligent, careless and/or reckless conduct in the following particulars:

    a. Failing to adequately monitor, control and/or supervise Defendant Rosborough who was operating a motor vehicle on behalf of the Company;

    b. Providing, implying and/or expressing permission to Defendant Rosborough to operate the Carpet Ride Bus without complying with various requirements of the FMCSR, as outlined throughout this Complaint;

    c. Authorizing Defendant Rosborough to operate the Carpet Ride Bus without complying with various requirements of the FMCSR;

    d. Permitting Defendant Rosborough to operate a company motor vehicle without first undertaking adequate measures to ensure that he, in fact, possessed the requisite skills, ability, training, experience and/or was, in fact, capable of safely operating the vehicle in a lawful manner so as not to harm passengers on the Carpet Ride Bus;

    e. Failing to ensure that Defendant Rosborough complied with applicable West Virginia law while operating a motor vehicle on behalf of the Company;

f. Permitting Defendant Rosborough to operate a company motor vehicle when it knew or had reason to know that his lack of training, experience and/or driving propensities would cause him to operate said vehicle in an unsafe and/or unlawful manner, thereby creating unreasonable risk of harm to passengers on the Carpet Ride Bus and others on the road;

g. Failing to adequately instruct and/or train its drivers, specifically Defendant Rosborough, in safe, proper and prudent operation of a commercial motor vehicle under the applicable Commercial Drivers' Manuals, the FMCSR and/or West Virginia Law;

h. Failing to inquire, investigate and/or determine whether Defendant Rosborough was qualified to legally operate a motor vehicle on the day of the collision;

i. Permitting Defendant Rosborough to operate the Carpet Ride Bus without first undertaking adequate measures to ensure that he, in fact, possessed the requisite skills, ability, training, experience and/or was, in fact, capable of safely operating the equipment in a lawful manner, so as not to harm other passengers on the Carpet Ride Bus and other drivers on the roadway;

j. Failing to instruct, train and educate its drivers, including Defendant Rosborough, regarding how to properly handle the Carpet Ride Bus when it is in heavy traffic conditions;

k. Failing to instruct, train and educate its drivers, including Defendant Rosborough, regarding when it is appropriate/inappropriate to allow the Carpet Ride Bus to move backwards and/or reverse when the Carpet Ride Bus is in heavy traffic conditions and how not to crash into other vehicles when doing so;

l. Failing to properly instruct, train and educate its drivers, including Defendant Rosborough regarding Defensive Driving Techniques and/or the Smith Systems;

m. Failing to comply with all applicable state and federal laws under the circumstances as provided under 49 C.F.R. § 390.3;

n. Failing to properly instruct, train and educate its drivers, including Defendant Rosborough, of the ins and outs of stopping distance, speed and visibility, and backing a commercial motor vehicle;

o. Failing to ensure those permitted to operate its commercial equipment, including Defendant Rosborough, complied with and/or observed the FMCSR in violation of 49 C.F.R. § 390.11;

p. Failing to comply with 49 C.F.R. § 396.11 requiring proper inspections by persons permitted to operate a commercial vehicle owned and/or controlled by Defendant Carpet Ride;

q. Failing to comply with 49 C.F.R. § 390.13 which prohibits aiding, abetting, encouraging and/or requiring violations of the FMCSR by persons permitted to operate commercial motor vehicles owned/controlled by Defendant Carpet Ride;

r. Failing to implement company procedures and/or policies directed toward its drivers, including Defendant Rosborough, concerning safe driving principles whenever operating a motor vehicle on behalf of the company;

s. Failing to develop policies and/or procedures directed to its drivers, including Defendant Rosborough, concerning the proper, safe and lawful operation of a motor vehicle to protect passengers on the bus and other drivers positioned around their vehicle;

t. Failing to know and/or comply with the FMCSR, as required by 49 C.F.R. § 390.3(e)(1);

u. Failing to instruct Defendant Rosborough on the requirements of the FMCSR, as required by 49 C.F.R. § 390.3(e)(2);

v. Failing to employ a competent and/or qualified safety director;

w. Failing to adequately staff a safety department;

x. Failing to instruct its driver, including Defendant Rosborough, to not operate a motor vehicle while distracted;

y. Failing to instruct its driver, including Defendant Rosborough, to not operate a motor vehicle while a passenger is standing and/or walking;

z. Failing to intervene and/or prevent Defendant Rosborough from violating Federal, State and/or Local Rules, Laws and/or Regulations when it knew and/or should have known that he was unaware of and/or had the propensity to violate the same;

aa. Failing to properly vet Defendant Rosborough;

bb. Failing to properly train Defendant Rosborough;

cc. Failing to comply with industry best practices and/or safety standards;

      dd.      Failing to exercise due care generally;

      ee.      Failing to discharge its duty to meet minimum standards of safety for the public and persons like Plaintiff Dawn Satterfield; and

      ff.      Failing to develop policies and/or procedures directed to its drivers, including Defendant Rosborough, concerning the proper, safe and lawful operation of a motor vehicle to protect its passengers and other drivers positioned around the Carpet Ride Bus.

32.    Defendant Carpet Ride owed a duty to Plaintiff Dawn Satterfield to use reasonable care for her safety in all particulars as pleaded throughout the Complaint.

33.    The acts and/or omissions of Defendant Carpet Ride, as described fully throughout this Complaint, exhibited a conscious disregard for the rights and safety of Plaintiff Dawn Satterfield, and other individuals who were passengers on the Carpet Ride Bus and were operating motor vehicles at and/or near the collision location, as its stated conduct had a great probability of causing substantial harm.

34.    Defendant Carpet Ride, individually, and by and through its actual, apparent, authorized, entrusted and/or ostensible agents, employees, contractors, representatives, permissive operators and/or servants, breached its duties owed to Plaintiff Dawn Satterfield in all the particulars as pleaded through this Complaint.

35.    The acts of Defendant Carpet Ride, at all times relevant and material hereto, constituted reckless, wanton, willful and gross acts toward the health and welfare of Plaintiff Dawn Satterfield.

36.    The acts of Defendant Carpet Ride, at all times relevant and material hereto, were so outrageous that punitive damages should be assessed against it, so as to punish and deter it and others from behaving similarly in the future.

37. As a direct and proximate result of Defendant Carpet Ride's negligent, careless and reckless actions and/or omissions, Plaintiff Dawn Satterfield was caused to suffer significant/severe/catastrophic bodily injuries and damages, including, but not limited to, the following:

   a. C4-C5 disc herniation;

   b. C5-C6 disc bulge;

   c. Lumbar radiculopathy;

   d. Lumbar strain/sprain;

   e. Chronic pain syndrome;

   f. Right shoulder pain;

   g. Cervicalgia;

   h. Myofascial muscle pain;

   i. Primary osteoarthritis of right shoulder;

   j. Sacroiliitis;

   k. Cervical radiculopathy;

   l. Left shoulder pain;

   m. Adhesive capsulitis of the left shoulder;

   n. Focal tendinosis of the supraspinatus tendon without tear; and

   o. Other serious and severe injuries, the exact nature of which is unknown to Plaintiff Dawn Satterfield as this time.

38. As a direct and proximate result of the negligent, careless, reckless and outrageous actions and/or omissions of Defendant Carpet Ride, Plaintiff Dawn Satterfield has suffered physical pain, physical disabilities, personal injuries, functional injuries, mental distress, emotional anguish, anxiety, emotional suffering, annoyance, required to undergo extensive

medical treatment, required to take pain medication for her collision related injuries, inconvenience and a diminishment in her ability to fully function, enjoy and earn a living.

39. As a direct and proximate result of the negligent, careless, reckless and outrageous actions and/or omissions of Defendant Carpet Ride, Plaintiff Satterfield is reasonably certain to incur a permanent and substantial physical deformity/disfigurement, a permanent physical function injury, permanent pain and discomfort, permanent disability, future physical pain, future mental and emotional anguish, future annoyance, future inconvenience, and a future diminishment in her ability to fully function, enjoy life and a earn a living.

40. As a direct and proximate result of the negligent, careless, reckless and outrageous actions and/or omissions of Defendant Carpet Ride, Plaintiff Dawn Satterfield has incurred medical bills.

41. As a direct and proximate result of the negligent, careless, reckless and outrageous actions and/or omissions of Defendant Carpet Ride, Plaintiff Dawn Satterfield is reasonably certain to and will continue to incur future medical bills.

42. As a direct and proximate result of the negligent, careless, reckless and outrageous actions and/or omissions of Defendant Carpet Ride, Plaintiff Dawn Satterfield has been required to under significant medical treatment, take medication for her collision related ailments/symptoms and is reasonably certain to require additional medical care, pain management and medications in the future related to her collision related injuries.

43. As a direct and proximate result of the negligent, careless, reckless and outrageous actions and/or omissions of Defendant Carpet Ride, Plaintiff Dawn Satterfield has suffered an interruption of her daily habits, employment, activities and life's pleasures, and will continue to do so into the indefinite future, potentially permanently, all to her great detriment and loss.

44. As a direct and proximate result of the negligent, careless, reckless and outrageous actions and/or omissions of Defendant Carpet Ride, Plaintiff Dawn Satterfield has sustained physical pain, loss of earnings, permanent and total injuries, physical and emotional suffering and mental anguish for which she still suffers and will continue to suffer for an indefinite period of time and/or permanently.

45. At all times material and relevant hereto, Plaintiff Dawn Satterfield was prudently, carefully and reasonably attempting to utilize the Carpet Ride Bus restroom and in no way caused and/or contributed to the subject collision and/or her injuries and damages.

WHEREFORE, Plaintiffs, Dawn Satterfield and Brian Satterfield, respectfully pray that judgment be entered against the Defendants, Kenneth Charles Rosborough and Carpet Ride, LLC, jointly and severally, for compensatory damages, as well as punitive damages, and for pre-judgment and post-judgment interest, attorneys' fees and costs expended in this action, any other specific or general relief as may become apparent as this matter progresses, and other such relief as this Court deems proper.

### COUNT II – *RESPONDEAT SUPERIOR*/VICARIOUS LIABILITY
### DAWN SATTERFIELD V. CARPET RIDE, LLC

46. Plaintiffs incorporate herein by reference all preceding Paragraphs of this Complaint, as if each and every one was individually set forth herein and at length.

47. Defendant Carpet Ride LLC, at all times material and relevant hereto, entrusted, permitted and/or allowed Defendant Rosborough to operate the subject Carpet Ride Bus with its USDOT Number (#2431898), which the company owned, was registered to, prominently displayed the company's name (or former name Flagship Two, LLC), prominently displayed the company's operating authority and of which the company controlled. Consequently, Defendant Carpet Ride is also vicariously liable for all injuries and damages caused by Defendant

Rosborough's negligent, careless, reckless and outrageous actions and/or omissions leading up to and at the time of the subject collision pursuant to the doctrine of *respondeat superior* and/or vicarious liability.

48. Defendant Carpet Ride, at all times material and relevant hereto, is liable for the acts of its respective, actual, apparent, authorized, entrusted and/or ostensible agents, employees, contractors, representatives, permissive operators and/or servants, including, but not limited to, Defendant Carpet Ride, who were operating within the course and scope of their employment and/or agency relationships pursuant to the doctrine of joint venture, vicarious liability, actual or implied agency and/or other common law or statutory theories of liability.

49. Defendant Carpet Ride is vicariously liable for the negligent, careless, reckless, and outrageous acts and/or omissions of Defendant Rosborough because:

   a. Defendant Rosborough is and/or was the actual, apparent, authorized, and/or ostensible agent, employee, contractor, representative, permissive operator and/or servant of Defendant Carpet Ride at all times relevant and material to the subject collision;

   b. Defendant Carpet Ride exercised sufficient control over Defendant Rosborough as to constitute a master-servant and/or principal-agent relationship;

   c. Defendant Carpet Ride expressly permitted Defendant Rosborough to operate a commercial motor vehicle with its company placard/logo and using its federally issued USDOT Number (#2431898);

   d. At all material times, Defendant Carpet Ride was and/or was deemed to be, by the FMCSR, Defendant Rosborough's employer and/or statutory employer; and/or

   e. Federal and State Laws and/or regulations impose such vicarious liability on Defendant Carpet Ride for the negligent, careless and reckless conduct of its agent, employee, contractor, permissive operator and/or servant Defendant Rosborough.

50. All the injuries and damages suffered by, and reasonably anticipated to be suffered by Plaintiffs in the future, as specifically stated in Paragraphs 37 through 44 and Count IV of this Complaint, were the direct and proximate result of Defendant Rosborough's negligent, careless, reckless and outrageous actions and/or omissions, and for which Defendant Carpet Ride is responsible, as described more fully in Count III of this Complaint and incorporated herein.

51. As a direct and proximate result of such negligence, carelessness, recklessness and outrageousness, Plaintiffs have suffered those injuries and damages, as set forth more fully throughout this Complaint, including, but not limited to, Paragraphs 37 through 44 and Count IV of this Complaint, which Paragraphs are hereby incorporated herein in their entirety concerning all claims and allegations asserted against Defendant Carpet Ride in Count II of this Complaint.

WHEREFORE, Plaintiffs, Dawn Satterfield and Brian Satterfield, respectfully pray that judgment be entered against the Defendants, Kenneth Charles Rosborough and Carpet Ride, LLC, jointly and severally, for compensatory damages, as well as punitive damages, and for pre-judgment and post-judgment interest, attorneys' fees and costs expended in this action, any other specific or general relief as may become apparent as this matter progresses, and other such relief as this Court deems proper.

## COUNT III – NEGLIGENCE
## DAWN SATTERFIELD v. KENNETH CHARLES ROSBOROUGH

52. Plaintiffs incorporate herein by reference all preceding Paragraphs of this Complaint, as if each and every one was individually set forth herein and at length.

53. Defendant Rosborough at all times material and relevant hereto, owed a duty to all passengers on the Carpet Ride Bus, all persons/individuals he might encounter and/or be injured by the subject Carpet Ride Bus he was operating, including, but not limited to, Plaintiff Dawn Satterfield.

54. Defendant Rosborough had a duty to take reasonable care to prevent the unsafe operation of the subject Carpet Ride Bus he was operating and/or not to operate the subject Carpet Ride Bus truck in an unreasonably dangerous manner.

55. The injuries and damages suffered by Plaintiffs are the direct and proximate result of Defendant Rosborough's negligence, carelessness and/or recklessness, in the following particulars:

   a. Failing to maintain a proper lookout for traffic and roadway conditions that existed behind the Carpet Ride Bus and/or surrounding his vehicle;

   b. Failing to maintain proper and adequate control of his vehicle;

   c. Failing to maintain his vehicle in a stopped position in response to the existing traffic conditions;

   d. Failing to properly reverse and/or back-up when it was not safe to do so;

   e. Failure to pay attention while operating a motor vehicle;

   f. Operating the Carpet Ride Bus while distracted;

   g. Failing to keep a reasonable look-out for other vehicles lawfully on the roadway;

   h. Failing to properly use the commercial vehicle's rear-view mirrors, so as to properly identify any and all vehicles that were located behind the Carpet Ride Bus before he allowed the Carpet Ride Bus and/or reversed into a specific area/space;

   i. Failing to maintain control of the Carpet Ride Bus in violation of West Virginia Code § 17C-6-1;

   j. Operating a motor vehicle while distracted and/or fatigued;

   k. Operating a motor vehicle on limited sleep, while drowsy, fatigued and/or sleepy;

   l. Failing to adhere to Federal/State/Local Regulations and Laws when operating a commercial vehicle;

   m. Causing a preventable collision;

n. Failing to maintain his motor vehicle in a stopped position to avoid the subject preventable collision;

o. Reversing his vehicle when it was unsafe to do so;

p. Allowing and/or continuing to operate his motor vehicle in the direction of the vehicle stationed behind the Carpet Ride Bus when he saw, or in the exercise of reasonable diligence, should have seen that further operation in that direction would result in a collision;

q. Disregarding the rights of Plaintiff Dawn Satterfield who was carefully, prudently and safely attempting to utilize the Carpet Ride Bus restroom, by failing to use due care and caution under the circumstances;

r. Operating his vehicle without being in reasonable control of same;

s. Operating a commercial motor vehicle in a reckless manner;

t. Failing to use Smith System training;

u. Failing to employ Defensive Driving strategies;

v. Operating his vehicle too closely to other traffic behind and around his vehicle;

w. Operating a vehicle in a negligent, careless and reckless manner;

x. Operating a vehicle in willful or wanton disregard for the safety of other persons and property, including, but not limited to, Plaintiff Dawn Satterfield;

y. Failing to comply with West Virginia law in that he operated a vehicle without being in proper and adequate control of the same;

z. Violating industry standards concerning rest times, hours worked, hours driven, attentiveness, distracted driving, and/or adhering to the traffic laws concerning the operation of a commercial motor vehicle on roads;

aa. Failing to recognize obvious hazards which should have been anticipated and/or guarded against when operating a motor vehicle, specifically, being cognizant of other vehicles located behind his vehicle;

bb. Failing to slow and/or stop his vehicle in response to the existing traffic conditions;

  cc. Failing to stop, slow down or take any other action to avoid the subject preventable collision;

  dd. Failing to recognize obvious hazards which he should have anticipated and/or guarded against when operating a commercial motor vehicle, specifically, being cognizant of other vehicles while driving in reverse and/or backing-up a commercial motor vehicle;

  ee. Failing to practice and/or understand, at a minimum, safety standard concepts as outlined in the FMCSR and the Commercial Driving License Manual;

  ff. Operating a commercial motor vehicle in violation of the laws, ordinances and regulations of the State of West Virginia, in violation of 49 C.F.R. § 392.2;

  gg. Failing to employ and/or understand space management, specifically, managing the space in and around the Carpet Ride Bus at all relevant times;

  hh. Violating the applicable sections of the FMCSR, inasmuch as those sections provide the minimum, generally accepted standards of care in the operation of commercial motor vehicles;

  ii. Failing to adhere to all Defendant Carpet Ride's internal policies and procedures concerning safe and lawful operation of company vehicles; and

  jj. Failing to exercise due care generally in the operation of the vehicle he was driving.

56. Defendant Rosborough, at all times material and relevant herein, owed a duty to Plaintiff Dawn Satterfield to use reasonable care for her safety in all the particulars as pleaded throughout this Complaint.

57. Defendant Rosborough, at all times material and relevant hereto, breached his duties owed to Plaintiff Dawn Satterfield in all particulars as pleaded throughout this Complaint.

58. The acts of Defendant Rosborough, as described throughout this Complaint, exhibited a conscious disregard for the rights and safety of Plaintiff Dawn Satterfield, other passengers on the Carpet Ride Bus and other individuals who were operating vehicles at and/or near the collision location, as his stated conduct had a great probability of causing harm.

59. The acts of Defendant Rosborough constituted reckless, wanton, willful and gross acts toward the health and welfare of Plaintiff Dawn Satterfield, other passengers and other individuals who were operating vehicles at and/or near the collision location.

60. The acts of Defendant Rosborough were so outrageous that punitive damages should be assessed against him, to punish and deter him, and others, from behaving similarly in the future.

61. As a direct and proximate result of such negligence, carelessness, recklessness and outrageousness of Defendant Rosborough, Plaintiffs have suffered those injuries and damages as set forth more fully throughout this Complaint, including, but not limited to Paragraphs 37 through 44 and Count IV of this Complaint, which Paragraphs are hereby incorporated in their entirety concerning all claims and allegations being asserted against Defendant Rosborough in Count III of this Complaint.

WHEREFORE, Plaintiffs, Dawn Satterfield and Brian Satterfield, respectfully pray that judgment be entered against the Defendants, Kenneth Charles Rosborough and Carpet Ride, LLC, jointly and severally, for compensatory damages, as well as punitive damages, and for pre-judgment and post-judgment interest, attorneys' fees and costs expended in this action, any other specific or general relief as may become apparent as this matter progresses, and other such relief as this Court deems proper.

### COUNT IV – LOSS OF CONSORTIUM
### BRIAN SATTERFIELD v. ALL DEFENDANTS

62. Plaintiffs incorporate herein by reference all preceding Paragraphs of this Complaint, as if each and every one was individually set forth herein and at length.

63. As a direct and proximate result of the wrongful conduct of Defendant Carpet Ride and Defendant Rosborough, as specifically pled throughout this Complaint, Plaintiff Brian

Satterfield has suffered a loss of the love, society, comfort, companionship, assistance, and services of his wife, Plaintiff Dawn Satterfield, and is reasonably certain to continue to suffer such losses on a permanent basis into the future.

64. As a direct and proximate result of the wrongful conduct of Defendant Carpet Ride and Defendant Rosborough, as specifically pled throughout this Complaint, Plaintiff Brian Satterfield has suffered, and is reasonably certain to continue to suffer, annoyance, aggravation, inconvenience, and emotional distress due to the injuries of his wife, Plaintiff Dawn Satterfield.

WHEREFORE, Plaintiffs, Dawn Satterfield and Brian Satterfield, respectfully pray that judgment be entered against the Defendants, Kenneth Charles Rosborough and Carpet Ride, LLC, jointly and severally, for compensatory damages, as well as punitive damages, and for pre-judgment and post-judgment interest, attorneys' fees and costs expended in this action, any other specific or general relief as may become apparent as this matter progresses, and other such relief as this Court deems proper.

**A TRIAL BY JURY IS DEMANDED ON ALL ISSUES.**

DAWN SATTERFIELD and BRIAN SATTERFIELD, Plaintiffs,

By: _____/s/_____Scott S. Blass_____
SCOTT S. BLASS (#4628)
JUSTIN JOSEPH SELEP (#13771)
BORDAS & BORDAS, PLLC
1358 National Road
Wheeling, WV 26003
Telephone: (304) 242-8410
sblass@bordaslaw.com
jselep@bordaslaw.com
*Counsel for Plaintiffs*